JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-06311-RGK (FFMx) | Date | October 5, 2015 |
|---|---|---|---|
| Title | *Ron Sicoli v. Anna K. Nupson et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

## I.   INTRODUCTION

On July 15, 2015, Ron Sicoli ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Anna K. Nupson, Mulligan Life, LLC, and Walnut Street, LLC ("Defendants"). On August 19, 2015, Defendants removed the case to federal court.

On September 8, 2015, the Court struck Defendants' Notice of Removal for failure to include a full caption. Defendants subsequently filed a Corrected Notice of Removal on September 11, 2015, amending the original notice by including a full caption. The original Notice of Removal and Corrected Notice of Removal are substantively identical and allege the same exact basis for subject matter jurisdiction.

For the following reasons the Court sua sponte **REMANDS** the civil action to state court for lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

In general, a defendant may remove a case over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Here, the purported basis for original jurisdiction is diversity of citizenship (28 U.S.C. § 1332(a)), which requires "complete diversity," i.e., "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). The removing party bears the burden of establishing federal subject matter jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

The Ninth Circuit has held unequivocally that the removal statute is construed strictly against

removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus,* 980 F.2d at 566 (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

A district court has power to remand a case sua sponte when the court lacks subject matter jurisdiction to hear the case. *See Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992).

### III.     DISCUSSION

Defendants' Notice of Removal contains insufficient allegations to support diversity jurisdiction. Specifically, the Notice of Removal alleges that Defendant Mulligan Life, LLC is a "limited liability corporation incorporated in New Mexico and doing business in New Mexico . . . The nerve center of Mulligan Life operated in New Mexico." (Notice of Removal, ¶¶ 5-6.) The Notice of Removal similarly asserts that Defendant Walnut Street, LLC "is a limited liability corporation incorporated solely in New Mexico and doing business in New Mexico." *Id.* at ¶ 7. Based on these facts, Defendants claim that both Mulligan Life, LLC and Walnut Street, LLC are citizens of New Mexico for purposes of diversity jurisdiction, rendering them diverse from Plaintiff who is a citizen of California.

The Court rejects Defendants' proffered basis for subject matter jurisdiction because the Notice of Removal utilizes the wrong measure of citizenship for limited liability corporations. The Ninth Circuit has held that the citizenship of a limited liability corporation is determined by the citizenship of its owners/members *not* by its state of incorporation and principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "An LLC's principal place of business [or] state of organization is irrelevant to [the subject matter jurisdiction] analysis." *Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1248 (N.D. Cal. 2014); *see Nguyen v. BrooksAmerica*, CV 09-7054-JFW (VBKx), 2009 WL 3162435, at *1 (C.D. Cal. Sept. 29, 2009) (dismissing for lack of subject matter jurisdiction, in part, because "Plaintiffs have failed to specifically allege ... the citizenship of each member of the LLC defendant").

In the present case, Defendants only alleged facts regarding the state of incorporation and principal place of business for both Mulligan Life, LLC and Walnut Street, LLC. Nowhere in the Notice of Removal do Defendants set forth facts about the citizenship of the owners or members of either Mulligan Life or Walnut Street. Defendants—who have the burden of proving subject matter jurisdiction on removal—have utilized the incorrect standard for the citizenship of a limited liability corporation and, therefore, have not met their burden to demonstrate complete diversity between the parties.

## IV. CONCLUSION

For the foregoing reasons, the Court **REMANDS** the case to state court.

**IT IS SO ORDERED.**

                                               : 

Initials of Preparer